UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ROBERT LYNN** | § | **C.A. NO. 4:19-cv-00847** |
| | § | **(JURY)** |
| **vs.** | § | |
| | § | |
| **STATE FARM LLOYDS AND** | § | |
| **BAMIDELE OMERE** | § | |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

STATE FARM LLOYDS ("State Farm"), Defendant in the above-styled and numbered cause, files this Notice of Removal of the present case from the 165th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.  In connection with this Notice of Removal, State Farm would respectfully show the Court as follows:

## I.
## PROCEDURAL BACKGROUND

1.     On January 29, 2019, Plaintiff filed this action against State Farm and Bamidele Omere in the 165th Judicial District Court of Harris County, Texas.  The state cause number is 2019-07023 ("State Court Action").  In Plaintiff's Original Petition ("Original Petition"), Plaintiff seeks monetary relief over $100,000.  State Farm was served on February 6, 2019.  Bamidele Omere was served on February 7, 2019.  State Farm and Bamidele Omere filed their answer on March 1, 2019.  They filed their amended answer on March 8, 2019.

2.     In accordance with 28 U.S.C. § 1446, State Farm files this Notice of Removal to remove the State Court Action from the 165th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

## II.
## NATURE OF SUIT

3.      Plaintiff filed this lawsuit alleging State Farm failed to pay insurance benefits owed to him in accordance with his insurance policy for damage to his home and other property caused by Hurricane Harvey.[1]  Plaintiff's Original Petition at ¶ 9.  Plaintiff asserts causes of action for breach of contract and for violations of Chapters 541 and 542 of the Texas Insurance Code violations of the Deceptive Trade Practices Act, and breach of the common law duty of good faith and fair dealing. *Id*. at ¶¶ 19-43.

4.      After Plaintiff reported the claim, Plaintiff's residence was inspected on three different occasions. None of the inspections or estimates were performed/prepared by Omere and none of the letters to Plaintiff were authored by Omere. While Omere's name does appear on the first estimate prepared by adjuster Mark Dunn, Omere had no involvement in the preparation, review, or approval of that estimate. His name was only included on the estimate with Dunn's name as an additional person to contact if the Plaintiff had questions or concerns regarding the estimate. Omere had no discussions with the Plaintiff regarding the claim.

## III.
## BASIS OF REMOVAL

5.      The Southern District of Texas has jurisdiction over this action, pursuant to 28 U.S.C § 1441 and 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

6.      First, the parties are diverse. At all relevant times, Plaintiff was, and continues to be, a Texas citizen.  Plaintiff's Original Petition at ¶ 2.  State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer, which is

---

[1]      Plaintiff alleges the damage occurred on or about August 25-29, 2017. Plaintiff's Original Petition at ¶ 9.

defined and set out in Chapter 941 of the Texas Insurance Code. The citizenship of an unincorporated association is determined by the citizenship of each member of the entity, not by the state where the entity is organized. *Royal Ins. Co. v. Quinn-L Capital Corp.,* 3 F.3d 877, 882–83 (5th Cir. 1993) (finding that a Lloyd's plan association was not a Texas citizen); *see Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999) (finding that State Farm Lloyds is a citizen of Illinois); *Caballero v. State Farm Lloyds,* No. CA-C-03-266, 2003 WL 23109217, at *1 (S.D. Tex. Oct. 31, 2003) (same). At all relevant times, State Farm was, and continues to be, an unincorporated insurance association whose underwriters were, and still are, citizens of states other than Texas. *See* Affidavit of Michael Roper attached as Exhibit A. Accordingly, State Farm is not a citizen of the State of Texas.

7.    Defendant, Bamidele Omere was, at the time the action was commenced, and still is, a resident and citizen of Texas. However, Plaintiff improperly joined Omere for the purpose of defeating diversity. For this reason, the citizenship of Defendant Omere should not be considered in determining whether this Court has jurisdiction under 28 U.S.C. § 1332. The citizenship of improperly joined defendants is not to be considered in determining whether complete diversity exists. Salazar v. Allstate Texas Lloyd's Inc., 455 F.3d 571, 574 (5th Cir. 2006); Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2003).

8.    Second, the amount in controversy exceeds 75,000. Plaintiff has pled that his damages exceed $100,000. Plaintiff's Original Petition ¶ 7. Thus, removal to the Southern District of Texas is proper.

## BAMIDELE OMERE IS IMPROPERLY JOINED

9.    Plaintiff has sued an insurance adjuster who had no involvement in State Farm's investigation of the claim or the subsequent claim decision. Defendant Omere did not engage in

any of the conduct that forms the basis of Plaintiff's allegations. Consequently, joinder of insurance adjuster Omere is improper and Plaintiff's claims against Omere should be dismissed.

10.   The factual allegations in Plaintiff's Original Petition concerning Omere demonstrate he sued the wrong person. For example:

> Defendant State Farm assigned Defendant Omere to adjust the claim. Omere failed to conduct a reasonable and thorough investigation of the covered damages. He did not inspect or document all the damages pointed to him. In spite of severe and obvious covered damages, the adjuster claimed there were no covered damages to the asphalt roof. The adjuster severely undervalued the cost to repair or replace several damages, and altogether failed to estimate some obvious damages. The inadequacy of Omere's inspection is further evidenced by his failure to prepare a complete estimate of all the damages he observed or should have observed during his inspection. Petition at ¶¶ 10-11.

- State Farm relied on and approved Omere's estimate that misrepresented the cause, scope, and extent of Plaintiffs covered damages. As a result, State Farm essentially denied the claim, misrepresenting that no wind damage was noted to the exterior of the home and that the cost to repair or replace the damaged property did not exceed the policy deductible. ¶ 12.

- State Farm and Omere chose to ignore obvious damages to the Property. State Farm relied on Omere's inadequate investigation in making coverage decisions under the Policy and deciding what amounts, if any, to pay on the claim, which is evidenced by estimates and reports that fail to account for the necessary repairs to the Property. ¶ 14.

- State Farm and Omere performed an outcome-oriented investigation of Plaintiff's Claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property. Defendants have delayed payment for Plaintiff's necessary and covered Property damages under the Policy. ¶ 15.

- Defendants State Farm and Omere misrepresented a material fact or policy provision relating to coverage at issue. Petition at ¶ 28(1).

- State Farm and Omere failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear. Petition at ¶ 28(2).

- Defendants State Farm and Omere failed to provide Plaintiff with a reasonable explanation for the denial of the claim. Petition at ¶ 28(3).

11.     Plaintiff's allegations against Defendant Omere are premised on Omere's alleged improper investigation and settlement of Plaintiff's insurance claim. However, Omere did not inspect Plaintiff's property and he was not the claim representative who acknowledged, inspected or settled Plaintiff's claim. Omere is an insurance adjuster who had no involvement with the investigation or handling of Plaintiff's claim. *See* Affidavit of Bamidele Omere attached hereto as Exhibit B.

12.     Defendants recognize that they bear a heavy burden of showing there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against Defendant Omere. However, "whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

13.     Texas law in limited circumstances authorizes actions against insurance representatives in their individual capacities under both the Insurance Code and the DTPA. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007); *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998). However, such liability is not automatic and is certainly not available against individuals who had no involvement in the claim adjustment at issue. The Fifth Circuit has held that the plaintiff must demonstrate that the representative, as an individual, committed the Texas Insurance Code violation that caused the harm. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544-45 (5th Cir. 2004).

14.     Here, Plaintiff's specific factual allegations against Omere provide no conceivable basis in law or fact upon which Plaintiff can state a valid state law cause of action, and thus provide no "factual fit" with any cause of action Plaintiff asserts. *See Ixtapa, Inc. v. Am. First Ins. Co.*, Civ. A. No. M-10-305, Dkt. No. 12 (S.D. Tex. filed Oct. 25, 2010) (Crane, J.) (facts could not sustain

plaintiff's causes of action when adjuster's only involvement was responding to plaintiff's counsel's request for a copy of the claim denial); *Jimenez v. Travelers Indem. Co.*, Civ. A. No. H-09-1308, 2010 U.S. Dist. LEXIS 28615 at *13-17 (S.D. Tex. Mar. 25, 2010) (Harmon, J.) (denying remand when the instate adjuster named as the defendant was not the adjuster who had analyzed and denied the claim); *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, 2009 U.S. Dist. LEXIS 99854, *12-14 (S.D. Tex. Oct. 27, 2009) (Werlein, J.) (no reasonable possibility of recovery when the adjuster had minimal involvement in further investigating plaintiff's claim after a different adjuster had denied the claim).

15.     Defendant Omere had no participation in the investigation of Plaintiff's claim or the subsequent claim decision. And, most importantly, Defendant Omere was not engaged in any of the activities or conduct alleged in Plaintiff's Original Petition.

16.     Plaintiff has no cognizable claim against Defendant Omere in his individual capacities under any of the theories asserted. Plaintiff has not alleged any specific actions on the part of Omere which could possibly be actionable, nor has Plaintiff articulated any specific conduct from which liability could possible arise. Therefore, Plaintiff's claims against Omere cannot stand and should be dismissed.

### IV.
### REMOVAL PROCEDURES

17.     On January 29, 2019, Plaintiff filed this action against State Farm and Bamidele Omere in the 165th Judicial District Court of Harris County, Texas.  State Farm was served on February 6, 2019.  Bamidele Omere was served on February 7, 2019. State Farm and Bamidele Omere filed their answer on March 1, 2019.  They filed their amended answer on March 8, 2019. This Notice of Removal is being timely filed on March 8, 2019.  Accordingly, this Notice of

Removal is timely filed within 30 days of when State Farm received service, *see* 28 U.S.C. § 1446(b)(1), and within one year from the commencement of this suit. *See* 28 U.S.C. § 1446(c)(1).

18.     Defendant Omere joins in this removal.

19.     The Houston Division of the Southern District of Texas is the proper venue because: (1) Plaintiff's property, which was allegedly damaged by Hurricane Harvey and which forms the basis of Plaintiff's lawsuit, is located in Harris County, 28 U.S.C. § 1391(b)(2), and (2) Plaintiff's State Court Action was brought, and is pending, in Harris County. 28 U.S.C. § 1441(a). Harris County is within the jurisdictional limits of the Houston Division. 28 U.S.C. § 124(b)(2).

20.     All information and documents required by 28 U.S.C. § 1446(a) and by Local Rule 81 to be filed with this Notice of Removal are attached and indexed in Exhibit C.  In addition, pursuant to 28 U.S.C. § 1446 (d), a copy of this Notice of Removal will be promptly filed with the Harris County District Clerk's Office and served on the Plaintiff.

21.     A jury fee was paid in state court and Defendants hereby request a jury trial in this cause of action.

## V.
## PRAYER

22.     State Farm respectfully requests that the above-styled action now pending in the 165th Judicial District Court of Harris County, Texas, be removed to this Honorable Court pursuant to the Court's diversity jurisdiction, that upon final trial, judgment be rendered for State Farm and Bamidele Omere and against Plaintiff, that Defendants recover their costs, and for such other and further relief to which Defendants may be justly entitled.

Respectfully submitted,

**GERMER PLLC**

By: _____

**DALE M. "RETT" HOLIDY**
Federal Bar No. 21382
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
rholidy@germer.com

**ATTORNEY FOR DEFENDANTS**

**OF COUNSEL:**

**GERMER PLLC**
James A. Tatem
State Bar No. 00785086
Federal I.D. No. 16798
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
jatatem@germer.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on this the 8th day of March, 2019.

Ana M. Ene                                                    **VIA CM/ECF**
CLARK, LOVE & HUTSON, G.P.
440 Louisiana Street, Suite 1600
Houston, Texas 77002

_____

**DALE M. "RETT" HOLIDY**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ROBERT LYNN** | § | **C.A. NO. _____** |
| | § | **(JURY)** |
| **vs.** | § | |
| | § | |
| **STATE FARM LLOYDS** | § | |

### AFFIDAVIT OF MICHAEL ROPER

This day appeared before me, the undersigned authority, MICHAEL ROPER, who after being duly sworn, deposed and stated as follows:

1. "My name is Michael Roper. I am over the age of 18, I have never been convicted of a felony or crime involving moral turpitude, and I am otherwise competent to make this affidavit.

2. I am an Assistant Secretary - Treasurer of State Farm Lloyds, Inc. ("Lloyds, Inc."), attorney-in-fact for State Farm Lloyds. I am also the Assistant Vice-President - Accounting for State Farm Mutual Automobile Insurance Company ("State Farm Mutual"). My address is One State Farm Plaza, Bloomington, Illinois 61710-0001.

3. As part of my job duties for State Farm Mutual, I oversee the department that maintains the books and records used to prepare and file the Annual Statements and similar filings for State Farm Mutual and each of its property and casualty insurance subsidiaries and affiliates, including State Farm Lloyds.

4. State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer as defined and set out in Chapter 941 of the Texas Insurance Code.

5. As a Lloyd's plan insurer, State Farm Lloyds has designated an attorney-in-fact as provided under Texas law. Lloyds Inc., a Texas business corporation, is the attorney-in-fact in Texas for State Farm Lloyds and, as such, Lloyds Inc. is the agent of State Farm Lloyds.

6. As an officer of these State Farm companies, I have knowledge of their respective directors, principal officers or underwriters, the type of entity each is, and other similar information. I have firsthand knowledge of the statements in this Affidavit pursuant to my duties in the above positions and they are true and correct.

7. On March 19, 2018 the Texas Department of Insurance notified State Farm Lloyds that its Amended Articles of Agreement dated February 1, 2018 had been placed on file and that its records had been updated to reflect the following changes to the underwriters: Katinka Meijerink Bryson replaced Shyama Nichelle Terry, Wensley John Herbert replaced



DEFENDANTS'
EXHIBIT
A

Jon Charles Farney, Kimberly Ann Sterling replaced Jack W. Watts, Jr. and Michael James Arnold replaced Kevin Harper McKay. The underwriters following the changes made by the Amended Articles of Agreement are listed below:

- Angela Kaye Sparks: Ms. Sparks maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Annette Romero Martinez: Ms. Martinez maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Mark Edward Schwamberger: Mr. Schwamberger maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Wensley John Herbert: Mr. Herbert maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Katinka Meijerink Bryson: Ms. Bryson maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Michael James Arnold: Mr. Arnold maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kenneth Edward Heidrich: Mr. Heidrich maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kathleen Mary Pechan: Ms. Pechan maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Patricia Elizabeth Roark: Ms. Roark maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Laurette Catherine Stiles: Ms. Stiles is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kimberly Ann Sterling: Ms. Sterling is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an

intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Robert Hun Sang Yi: Mr. Yi is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

8.     At all times since the March 19, 2018 acceptance of the latest Amended Articles of Agreement by the Texas Department of Insurance, the above named underwriters have had their residences and full time places of employment in the State of Illinois.

FURTHER AFFIANT SAYETH NAUGHT."

_Michael Roper_
MICHAEL ROPER

SUBSCRIBED TO AND SWORN TO before me, the undersigned authority on this the _7th_ day of March, 2019.

OFFICIAL SEAL
KAREN HAMILTON
NOTARY PUBLIC - STATE OF ILLINOIS
My Commission Expires January 07, 2022

_Karen Hamilton_
Notary Public for the State of Illinois

CAUSE NO. 2019-07023

| | | |
|---|---|---|
| **ROBERT LYNN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS AND** | § | |
| **BAMIDELE OMERE** | § | **165TH JUDICIAL DISTRICT** |

## AFFIDAVIT OF BAMIDELE OMERE

1.  My name is Bamidele Omere. I am over 18 years of age, I have never been convicted of a felony or crime of moral turpitude, and I am competent to make this affidavit. I am a resident and citizen of Balch Springs, Texas. I have personal knowledge of the facts stated in this affidavit and they are true and correct.

2.  I am an insurance adjuster for Eberl Claims Service.

3.  I did not investigate Robert Lynn's claim nor did I inspect Robert Lynn's residence. I did not prepare or send any letters to Robert Lynn nor did I have any discussions with Robert Lynn regarding his claim.

4.  I did not prepare, review, or approve an estimate related to Robert Lynn's claim. I did not deny any policy benefit requested by Robert Lynn regarding his claim. My name only appears on the estimate prepared by Mark Dunn as an additional person for the insured to contact should the insured have any questions regarding the estimate or claim.

Further Affiant Sayeth Naught

_____
Bamidele Omere

SWORN TO AND SUBSCRIBED BEFORE ME by the above-named Affiant this 8 day of March, 2019.



LILY C GOMEZ
Notary ID #125889001
My Commission Expires
December 19, 2022

_____
NOTARY PUBLIC – STATE OF TEXAS

MY COMMISSION EXPIRES: December 19, 2022



DEFENDANTS'
EXHIBIT

B

## LIST OF ATTORNEYS/PARTIES

1.    Ana M. Ene
aene@triallawfirm.com
CLARK, LOVE & HUTSON, G.P.
440 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 757-7400
Facsimile: (713) 759-1217

*Attorneys for Plaintiff*

2.    Dale M. "Rett" Holidy
rholidy@germer.com
James A. Tatem
jatatem@germer.com
GERMER PLLC
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
Telephone: (713) 650-1313
Facsimile: (713) 739-7420

*Attorneys for Defendants*

## INDEX OF DOCUMENTS FILED
## WITH REMOVAL ACTION

### ROBERT LYNN VS. STATE FARM LLOYDS AND BAMIDELE OMERE

    (a)    Plaintiff's Original Petition and Jury Demand
    (b)    Notice of Service Process for State Farm Lloyds (return citation not filed in State Court)
    (c)    Citation and Domestic Return Receipt for Bamidele Omere (return citation not filed in State Court)
    (d)    Defendants' Original Answer
    (e)    Defendants' First Amended Answer and Jury Demand
    (f)    Docket Sheet



DEFENDANTS'
EXHIBIT

C

1/29/2019 3:22 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 30765939
By: Walter Eldridge
Filed: 1/29/2019 3:22 PM

# 2019-07023 / Court: 165

CAUSE NO._____

| | | |
|---|---|---|
| ROBERT LYNN, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | HARRIS COUNTY, TEXAS |
| STATE FARM LLOYDS and | § | |
| BAMIDELE OMERE, | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Robert Lynn files this Original Petition against Defendants State Farm Lloyds ("State Farm") and Bamidele Omere ("Omere") and, in support of his causes of action, would respectfully show the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1.      This case is intended to be governed by Discovery Level 2 of the Texas Rule of Civil Procedure 190.3.

### II.
### PARTIES

2.      Plaintiff Robert Lynn is a Texas resident who resides in Harris County.

3.      State Farm is an insurance company engaged in the business of insurance in Texas. State Farm regularly conducts the business of insurance in a systematic and continuous manner in Texas and may be served with process by certified mail, return receipt requested, through its registered agent for service of process in the State of Texas, Corporation Service Company, 211 E. 7th St., Ste. 620, Austin TX 78701-3218.

4.      Bamidele Omere is a resident of the State of Texas who is engaged in the business of insurance and claims adjusting in Texas and may be served with process by certified mail, return receipt requested at 2804 Cumberland Trl., Balch Springs, Texas 75181.

### III.
### JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6.      Venue is proper in Harris County under Tex. Civ. Prac. & Rem. Code § 15.002(a)(1), because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County. In particular, Plaintiff's property is located in Harris County, the loss at issue occurred in Harris County, and the adjustment of the claim by Defendants for losses under the policy were conducted in Harris County. Investigations and policy and coverage misrepresentations, including communication to and from Defendants and Plaintiff, occurred in Harris County.

7.      The damages sought are within the jurisdictional limits of this court. Plaintiff currently seeks monetary relief over $100,000, but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

### IV.
### FACTUAL BACKGROUND

8.      Plaintiff is a named insured under a residential property insurance policy issued by State Farm, policy No. 53-C8-L326-4 (the "Policy").

9.      On or about August 25-29, 2017, Hurricane Harvey, a category 4 hurricane with winds up to 130 mph, struck the Texas coast, including the Houston, Texas area, severely damaging Plaintiff's residential property located at 14102 Lorne Drive, Houston, Texas 77049

("the Property"). Specifically, the storm caused extensive damage to the roof, resulting in multiple storm-created openings that allowed water to enter the interior of the home. Wind-born debris also struck window(s) of the Property allowing substantial water intrusion into the home and causing severe covered damages. Water intrusion through those storm-created openings caused interior damages to several rooms. Sufficient water penetrated the roof and window(s) to cause the ceiling to collapse in at least one room and causing additional damages to Plaintiff's personal property and flooring. Plaintiff timely filed a claim with State Farm for his incurred covered losses, claim No. 531253W32 (the "Claim").

10. State Farm assigned Bamidele Omere to inspect the property and adjust the loss.

11. Omere failed to conduct a reasonable and thorough investigation of the covered damages. He did not inspect or document all the damages pointed to him. In spite of severe and obvious covered damages, the adjuster claimed there were no covered damages to the asphalt roof. The adjuster severely undervalued the cost to repair or replace several damages, and altogether failed to estimate some obvious damages. The inadequacy of Omere's inspection is further evidenced by his failure to prepare a complete estimate of all the damages he observed or should have observed during his inspection.

12. On or about September 24, 2017, State Farm relied on and approved Omere's estimate that misrepresented the cause, scope, and extent of Plaintiff's covered damages. As a result, State Farm essentially denied the claim, misrepresenting that no wind damage was noted to the exterior of the home and that the cost to repair or replace the damaged property did not exceed the policy deductible.

13. State Farm failed to thoroughly review and properly oversee the work of its assigned adjusters, ultimately approving an improper adjustment and an inadequate, unfair

settlement of the Claim. Because of the unreasonable investigation by State Farm and Omere, and other claim-handling personnel, Plaintiff incurred and will continue to incur damages to his Property.

14.     State Farm and Omere chose to ignore obvious damages to the Property. State Farm relied on Omere's inadequate investigation in making coverage decisions under the Policy and deciding what amounts, if any, to pay on the claim, which is evidenced by estimates and reports that fail to account for the necessary repairs to the Property.

15.     Plaintiff is entitled to receive benefits that were covered under the insurance policy. However, State Farm and Omere performed an outcome-oriented investigation of Plaintiff's Claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property. Defendants have delayed payment for Plaintiff's necessary and covered Property damages under the Policy. To date, State Farm has yet to make a full payment on the Claim.

16.     Plaintiff was forced to hire his own representatives to inspect and evaluate the obvious damages to the Property that Defendants deliberately ignored in order to avoid payment on the Claim. Additionally, as a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain an attorney to prosecute the Claim for insurance benefits to which he is entitled.

17.     Plaintiff's experience is not an isolated case. The wrongful acts and omissions State Farm committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of State Farm with regard to handling these types of claims. State Farm's entire claim process is unfairly designed to reach favorable outcomes for the company at the expense of its policyholders.

## V.
## CAUSES OF ACTION

18.     Each of the foregoing paragraphs is incorporated by reference in the following:

## A.    Breach of Contract (State Farm Only)

19.    State Farm had a contract of insurance with Plaintiff. State Farm breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

20.    Due to State Farm's breach of the contract terms and continual denial of the claim, Plaintiff continues to sustain damages to his property.

## B.    Prompt Payment of Claims (State Farm Only)

21.    State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims Act. TEX. INS. CODE. § 542.051 *et seq.* All violations made under this article are made actionable by TEX. INS. CODE §542.060.

22.    State Farm's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

23.    State Farm's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes an untimely payment of the claim, in violation of TEX. INS. CODE §542.056.

24.    The failure of State Farm to pay Plaintiff's claim within the statutory deadlines following its receipt of all items, statements, and forms reasonably requested and required, constitutes an untimely payment of the claim, in violation of TEX. INS. CODE §542.058.

25.    Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to interest at the maximum amount permitted under TEX. INS. CODE §542.060(c) and TEX. FIN. CODE § 304.003, as well as reasonable and necessary attorney's fees.

### C.    Unfair or Deceptive Acts or Practices (All Defendants)

26.    State Farm and Omere are required to comply with Chapter 541 of the Texas Insurance Code.

27.    State Farm and Omere are each individually liable for their unfair and deceptive acts, irrespective of the fact that Omere was acting on behalf of State Farm, because each is a "person" as defined by TEX. INS. CODE § 541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE ANN. § 541.002 '(emphasis added).

28.    State Farm and Omere violated TEX. INS. CODE § 541.060, concerning unfair settlement practices, by:

(1)    misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)    failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)    failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)    refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

29.    State Farm and Omere violated TEX. INS. CODE § 541.061, concerning misrepresentations of insurance policy, by:

(1)    making an untrue statement of material fact;

(2)    failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)    making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)    making a material misstatement of law; and

(5)    failing to disclose a matter required by law to be disclosed.

30.    At all relevant times, Plaintiff was a consumer who purchased insurance products and services from State Farm.

31.    Specifically, State Farm and Omere violated the Texas Deceptive Trade Practices Act ("DTPA") in the following respects:

(1)    State Farm and Omere represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)    State Farm failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction

that the consumer would not have entered into had the information been disclosed;

(3)  State Farm, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by § 17.50(a)(1)(3) of the DTPA, in that Defendants took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

32.    Defendants knowingly committed the acts complained of.  As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and TEX. INS. CODE § 541.152(a)-(b).

**D.    Breach of the Duty of Good Faith and Fair Dealing (State Farm Only)**

33.    The Texas Supreme Court has recognized a "duty on the part of insurers to deal fairly and in good faith with their insureds.  That duty emanates not from the terms of the insurance contract, but from an obligation imposed in law 'as a result of a special relationship between the parties governed or created by a contract.'" *Viles v. Security Nat. Ins. Co.*, 788 SW 2d 566, 567 (Tex. 1990) (*citing Arnold v. National County Mutual Fire Insurance Co.*, 725 S.W.2d 165 (Tex. 1987)).  Therefore, insureds can institute a cause of action against insurers for breach of the duty of good faith and fair dealing.

34.     State Farm and Plaintiff are in a special relationship, created by the insurance contract, giving rise to a duty on the part of State Farm to deal fairly and in good faith with Plaintiff, who is the insured.

35.     State Farm breached its duty of good faith and fair dealing by:

a.  Failing to provide a reasonable basis for denial or underpayment of the claim; and/or

b.  Failing to determine whether there was a reasonable basis for denial or delay of the claim.

*Arnold*, 725 S.W.2d at 167.

36.     Specifically, State Farm denied Plaintiff's claim, misrepresenting that no wind damage was noted to the exterior of the home and that the cost to repair or replace the damaged property did not exceed the policy deductible. Defendant's misrepresentation constitutes a breach of its duty of good faith and fair dealing. As fully described above, State Farm further breached its duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim, although State Farm knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear.

37.     State Farm systematically and routinely denies or underpays valid claims to the detriment of its policyholders. As set forth above, the wrongful acts and omissions State Farm committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of State Farm with regard to handling these types of claims.

38.     By virtue of its systematic wrongful denials, State Farm compels its policyholders to seek legal representation and initiate and maintain a suit to recover an amount due under the

policy by offering nothing or substantially less than the amount that will be recovered in a suit brought by the insured.

39.     State Farm either failed to adopt or implement reasonable standards for prompt investigation of claims arising under its policies or is deliberately adopting standards calculated to maximize its profit to the detriment of its policyholders. State Farm is knowingly directing its personnel, agents and/or adjusters to undervalue or underpay valid claims.

40.     Defendant knowingly committed the act of denying and/or underpaying claims without a reasonable basis; therefore, Plaintiff is entitled to actual and exemplary damages at law.

**D.     Attorney's Fees**

41.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

42.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because he is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

43.     Plaintiff further prays that he be awarded all reasonable attorney's fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VI.
## CONDITIONS PRECEDENT

44.     All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendants. Pursuant to the statute, Plaintiff served Defendants with a notice of intent to file suit for his claims on November 13, 2018. That notice was provided more than sixty-one (61) days before the filing of this lawsuit. TEX. INS. CODE § 542.003(a)

## VII.
## DISCOVERY REQUESTS

45.      Pursuant to Rule 194, Defendants are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

46.      Defendants are also requested to respond to the attached interrogatories, requests for production, and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## VIII.
## JURY DEMAND

47.      Plaintiff hereby requests that all causes of action alleged herein be tried before a jury of citizens residing in Harris County, Texas, and concurrently with the filing of this petition tender the appropriate jury fee.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Robert Lynn prays that, upon final hearing of the case, he recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and that he be awarded attorney's fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

By: _____s/ Ana M. Ene_____

Ana M. Ene
State Bar No. 24076368
aene@triallawfirm.com
**CLARK, LOVE & HUTSON, G.P.**
440 Louisiana St., Suite 1600
Houston, Texas 77002
(713) 757-1400 (Office)
(713) 759-1217 (Facsimile)

**LEAD COUNSEL FOR PLAINTIFF**

Case 4:19-cv-00847  Document 1  Filed on 03/08/19 in TXSD  1/29/2019 3:22:35 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 30765939
By: ELDRIDGE, WALTER F
Filed: 1/29/2019 3:22:44 PM

# 2019-07023 / Court: 165

CAUSE NO._____

| | | |
|---|---|---|
| ROBERT LYNN, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | HARRIS COUNTY, TEXAS |
| STATE FARM LLOYDS and | § | |
| BAMIDELE OMERE, | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES,
## REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS
## TO DEFENDANT BAMIDELE OMERE

Plaintiff in the above-styled cause request that Defendant Bamidele Omere ("Omere") (1) answer the following discovery requests separately and fully in writing under oath within 30 days of service (or within 50 days of service if the discovery was served prior to the date an answer is due); (2) produce responsive documents to the undersigned counsel within the same time period; and (3) serve its answers to these discovery requests within the same time period to Plaintiff by and through his attorney of record: Ana M. Ene, **CLARK, LOVE & HUTSON, G.P.**, at 440 Louisiana Street, Suite 1600, Houston, Texas 77002.

By:_____*s/ Ana M. Ene*_____
Ana M. Ene
State Bar No. 24076368
aene@triallawfirm.com
**CLARK, LOVE & HUTSON, G.P.**
440 Louisiana St., Suite 1600
Houston, Texas 77002
(713) 757-1400 (Office)
(713) 759-1217 (Facsimile)

**LEAD COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of these discovery requests were served onto Defendant as an attachment to the petition. Therefore, Defendant received the discovery when it was served with the citation and Original Petition.

_/s/ Ana M. Ene_
Ana M. Ene

## INSTRUCTIONS

A.    These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.    Pursuant to the applicable rules of civil procedure, produce all documents responsive to these Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within the time period set forth above at CLARK, LOVE & HUTSON, G.P.

C.    If you claim that any document or information which is required to be identified or produced by you in any response is privileged, produce a privilege log according to the applicable rules of civil procedure.

    1.    Identify the document's title and general subject matter;
    2.    State its date;
    3.    Identify all persons who participated in its preparation;
    4.    Identify the persons for whom it was prepared or to whom it was sent;
    5.    State the nature of the privilege claimed; and
    6.    State in detail each and every fact upon which you base your claim for privilege.

D.    If you claim that any part or portion of a document contains privileged information, redact only the part(s) or portion(s) of the document you claim to be privileged.

E.    If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

F.    You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

    1.    You know the response made was incorrect or incomplete when made; or
    2.    You know the response, though correct and complete when made, is no longer true and complete, and the circumstances

## DEFINITIONS

A.   **"Defendant," "You," "Your(s),"** refers to you, your agents, representatives, employees and any other entity or person acting on its behalf.

B.   **"Plaintiff"** refers to the named Plaintiff in the above-captioned suit, whether singular or plural.

C.   **"The Property(ies)"** refers to the property or properties located at the address(es) covered by the Policy.

D.   **"The Policy"** refers to the policy issued to Plaintiff by the insurer and at issue in this lawsuit.

E.   **"The Claim(s)"** means the claim for insurance benefits submitted by Plaintiff and at issue in this lawsuit, or in a prior claim, as the context may dictate.

F.   **"Date of Loss"** refers to the date(s) of loss identified in Plaintiff's live petition/complaint or other written or oral notice, or otherwise assigned to the claim by the insurer.

G.   "**Handle**" or **"Handled**" means investigating, adjusting, supervising, estimating, managing, settling, approving, supplying information or otherwise performing a task or work with respect to the claim(s) at issue in this lawsuit, excluding purely ministerial or clerical tasks.

H.   **"Lawsuit"** refers to the above styled and captioned case.

I.   **"Communication"** or **"communications"** shall mean and refer to the transmission or exchange of information, either orally or in writing, and includes without limitation any conversation, letter, handwritten notes, memorandum, inter or intraoffice correspondence, electronic mail, text messages, or any other electronic transmission, telephone call, telegraph, telex telecopy, facsimile, cable, conference, tape recording, video recording, digital recording, discussion, or face-to-face communication.

J.   The term "**Document**" shall mean all tangible things and data, however stored, as set forth in the applicable rules of civil procedure, including, but not limited to all original writings of any nature whatsoever, all prior drafts, all identical copies, all nonidentical copies, correspondence, notes, letters, memoranda of. telephone conversations, telephone messages or call slips, interoffice memoranda, intraoffice memoranda, client conference reports, files, agreements, contracts, evaluations, analyses, records, photographs sketches, slides, tape recordings, microfiche, communications, printouts, reports, invoices, receipts, vouchers, profit and loss statements, accounting ledgers, loan documents, liens, books of accounting, books of operation, bank statements, cancelled checks, leases, bills of sale, maps, prints, insurance policies, appraisals, listing agreements, real estate closing documents, studies, summaries, minutes, notes,

agendas, bulletins, schedules, diaries, calendars, logs, announcements, instructions, charts, manuals, brochures, schedules, price lists, telegrams, teletypes, photographic matter, sound reproductions, however recorded, whether still on tape or transcribed to writing, computer tapes, diskettes, disks, all other methods or means of storing data, and any other documents. In all cases where originals, prior drafts, identical copies, or nonidentical copies are not available; "document" also means genuine, true and correct photo or other copies of originals, prior drafts, identical copies, or nonidentical copies. "Document" also refers to any other material, including without limitation, any tape, computer program or electronic data storage facility in or on which any data or information has been written or printed or has been temporarily or permanently recorded by mechanical, photographic, magnetic, electronic or other means, and including any materials in or on which data or information has been recorded in a manner which renders in unintelligible without machine processing.

K.   The term **"referring"** or **"relating"** shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

L.   The singular and masculine form of any noun or pronoun includes the plural, the feminine, and the neuter.

M.   The terms **"identification," "identify,"** and **"identity"** when used in reference to:

1.   **Natural Persons**: Means to state his or her full name, residential address, present or last known business address and telephone number, and present or last known position and business affiliation with you;

2.   **Corporate Entities**: Means to state its full name and any other names under which it does business, its form or organization, its state of incorporation, its present or last known address, and the identity of the officers or other persons who own, operate, or control the entity;

3.   **Documents:** Means you must state the number of pages and nature of the document (e.g. letter or memorandum), its title, its date, the name or names of its authors and recipients, its present location and custodian, and if any such document was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, and the persons responsible for making the decision as to such disposition;

4.   **Communication:** Requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication and, to the extent that the communication was non-written, to identify each person participating in the communication and to state the date, manner, place, and substance of the communication; and

5.   **Activity:** Requires you to provide a description of each action, occurrence, transaction or conduct, the date it occurred, the location at which it occurred, and the identity of all persons involved.

N.   The term **"Claim File"** means the claim files and "field file(s)," whether kept in paper or electronic format, including but not limited to all documents, file jackets, file notes, claims diary or journal entries, log notes, handwritten notes, records of oral

communications, communications, correspondence, photographs, diagrams, estimates, reports, recommendations, invoices, memoranda and drafts of documents regarding the Claim.

O. The term "**Underwriting File**" means the entire file, including all documents and information used for underwriting purposes even if you did not rely on such documents or information in order to make a decision regarding insuring Plaintiff's Property.

## <u>NOTICE OF AUTHENTICATION</u>

You are advised that pursuant to Tex. R. Civ. P. 193.7, Plaintiffs intend to use all documents exchanged and produced between the parties, including but not limited to correspondence and discovery responses during the trial of the above-entitled and numbered cause.

## INTERROGATORIES TO DEFENDANT BAMIDELE OMERE

### INTERROGATORY NO. 1:
Identify all persons answering or supplying any information in answering these interrogatories.

#### ANSWER:

### INTERROGATORY NO. 2:
Identify all persons who were involved in evaluating Plaintiff's claim and provide the following information for each person you identify:

      a.     their name and job title(s) as of the Date of Loss;
      b.     their employer; and
      c.     description of their involvement with Plaintiff's Claim.

#### ANSWER:

### INTERROGATORY NO. 3:
If you contend that the some or all of the damages to the Property were not covered losses under the Policy, describe:

      a.     the scope, cause and origin of the damages you contend are not covered losses under the Policy; and
      b.     the term(s) or exclusion(s) of the Policy you relied upon in support of your decision regarding the Claim.

#### ANSWER:

### INTERROGATORY NO. 4:
If you are an independent adjuster not directly employed by State Farm Lloyds, identify the following:

      a.     the name and contact information, including physical address, of your employer;
      b.     the name and contact information, including physical address, of your direct supervisor;
      b.     any and all representatives or employees of State Farm who supervised your work related to Plaintiffs' Claim, including their names and contact information.

#### ANSWER:

### INTERROGATORY NO. 5:
State whether the estimate you issued was revised or reconciled, and if so, state what was changed and who did it.

#### ANSWER:

**INTERROGATORY NO. 6:**
If you contend that Plaintiff did not provide you with requested information that was required to properly evaluate Plaintiff's Claim, identify the information that was requested and not provided, and the dates you made those request(s).

**ANSWER:**

**INTERROGATORY NO. 7:**
If you contend that Plaintiff's acts or omissions voided, nullified, waived or breached the Policy in any way, state the factual basis for your contention(s).

**ANSWER:**

**INTERROGATORY NO. 8:**
State the factual basis for each of your affirmative defenses.

**ANSWER:**

**INTERROGATORY NO. 9:**
If you contend that Plaintiff failed to mitigate damages, describe how Plaintiff failed to do so, and identify any resulting prejudice.

**ANSWER:**

**INTERROGATORY NO. 10:**
If you used the services of a contractor, including but not limited to a "ladder assist" during your inspection of Plaintiff's Claim, identify the name and contact information, including physical address, of any and all such contractors.

**ANSWER:**

## REQUEST FOR PRODUCTION TO DEFENDANT BAMIDELE OMERE

### REQUEST FOR PRODUCTION NO. 1
If you contend that any prior claims Plaintiff submitted for damages to the Property affected your decision in relation to the Claim at issue, produce any documents you reviewed related to those claim(s).

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 2
Produce your complete Claim File including all documents and communications regarding the Claim.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 3
Produce the Claim Files regarding the Claim of any third-party you hired and/or retained to investigate, consult on, handle and/or adjust the Claim.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 4
If you contend that any prior claims Plaintiff submitted for damages to the Property affected your decision in relation to the Claim at issue, produce the complete Claim File regarding those prior claim(s).

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 5
Produce all documents Plaintiff (or any other person) provided to you related to the Claim or the Property.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 6
Produce all documents you provided to Plaintiff (or any other person) related to the Claim or the Property.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 7
Produce all reports, surveys, appraisals, damage estimates, proof of loss, or adjuster's report(s) relating to the Claim, the Property or damage to the Property.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 8**
Produce color copies of all visual reproductions of the Property taken either prior to, at the time of, or after the Date of Loss (including diagrams, drawings, photographs, video records, videotapes, or other information).

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**
Produce all communications between any of your claims personnel, claims handlers, field adjusters, office adjusters, and their direct or indirect supervisors related to the investigation, handling, and settlement of Plaintiff's Claim.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**
Produce all written communications you sent to, or received from, any independent adjusters, engineers, contractors, estimators, consultants or other third-parties who participated in investigating, handling, consulting on, and/or adjusting Plaintiff's Claim.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11**
Produce all written and/or electronic communications you sent to, or received from, Plaintiff's insurance agent related to the Claim, the Property, the Plaintiff or this Lawsuit.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**
Produce all written and/or electronic communications you sent to, or received from, any local, state, or governmental entity related to the Claim, the Property, the Plaintiff or this Lawsuit.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13**
Produce all written and/or electronic communications you sent to, or received, from Plaintiff and/or any other named insured on the Policy related to the Claim, the Property, or this Lawsuit.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14**
Produce any claim handling manual(s) that you reviewed within a year from the Date of Loss related to the handling of similar claims, procedures and standards for property losses and/or wind and hail storm claims, for persons handling claims on your behalf, including (if any) operating guidelines and/or adjuster's manuals and/or any written implemented or adopted standards for the prompt investigation of claims arising under similar property insurance policies. If you did not

review any such written guidelines, manuals, or standards that were adopted and/or implemented, respond "None."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15**
Produce your property claims training manual and materials in effect on the Date of Loss, for persons handling, investigating and adjusting claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16**
Produce all bulletins, notices, directives, memoranda, internal newsletters, publications, letters and alerts directed to all persons acting on your behalf that were issued from six (6) months before and after the Date of Loss related to the handling of wind or hail storm claims in connection with the storm at issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17**
Produce the contract(s), agreement(s) and/or written understanding(s) with any engineers and/or engineering firms you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect at the time of his/her investigation, handling and/or adjustment of Plaintiff's claim, either pre or post-lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18**
Produce all billing detail showing the amounts you paid or for which you were billed by any engineer and/or engineering firm who inspected Plaintiff's Property in connection with the Claim, whether pre or post-lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19**
Produce all estimates, reports or memoranda, including drafts of the same, created by you or for you by any independent adjusters or adjusting firms in connection with the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20**
Produce all estimates, reports, or memoranda, including drafts of the same, created by you or for you by any engineers and/or engineering firms in connection with the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21**
Produce all statements given by anyone, oral or written, to you or any of your agents, related to Plaintiffs' Claim and/or any issue in Plaintiff's live petition.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22**
Pursuant to the applicable rules of evidence, produce all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23**
Produce all documents you identified, referred to, or relied upon in answering Plaintiff's interrogatories.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24**
Produce all non-privileged documents you identified, referred to, or relied upon in developing, answering and/or formulating your Answer and/or Affirmative Defenses to Plaintiff's live petition.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25**
Produce copies of all documents you intend to offer as evidence at the trial of this matter.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26**
If an attorney was involved in evaluating payment or coverage of Plaintiffs' Claim pre-suit, provide all documents relating to that evaluation or recommendation.

    **RESPONSE:**

## REQUEST FOR ADMISSIONS TO DEFENDANT BAMIDELE OMERE

### REQUEST FOR ADMISSION NO. 1:
Admit that on Date of Loss the Property sustained damages caused by a windstorm.

#### RESPONSE:

### REQUEST FOR ADMISSION NO. 2:
Admit that the Policy is a replacement cost value policy.

#### RESPONSE:

### REQUEST FOR ADMISSION NO. 3:
Admit that the Policy is an actual cash value policy.

#### RESPONSE:

### REQUEST FOR ADMISSION NO. 4:
Admit that your decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that third parties were responsible for causing damages to the Property.

#### RESPONSE:

### REQUEST FOR ADMISSION NO. 5:
Admit that you depreciated the costs of labor when determining the actual cash value of the Claim at issue.

#### RESPONSE:

### REQUEST FOR ADMISSION NO. 6:
Admit that you did not review the underwriting file at any time during the adjustment of the Claim.

#### RESPONSE:

### REQUEST FOR ADMISSION NO. 7:
Admit that the Claim was reviewed by persons other than people who actually inspected the Property.

#### RESPONSE:



**null / ALL**
**Transmittal Number: 19327144**
**Date Processed: 02/06/2019**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP |
| | Corporation Service Company- Wilmington, DELAWARE |
| | 251 Little Falls Dr |
| | Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Lloyds |
| | Entity ID Number 3461674 |
| **Entity Served:** | State Farm Lloyds |
| **Title of Action:** | Robert Lynn vs. State Farm Lloyds |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 2019-07023 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 02/06/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Ana M. Ene |
| | 713-757-1400 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

CAUSE NO.  201907023

RECEIPT NO.                          75.00        CTM
            **********              TR # 73587847

PLAINTIFF: LYNN, ROBERT                    In The   165th
                vs.                        Judicial District Court
DEFENDANT: STATE FARM LLOYDS               of Harris County, Texas
                                           165TH DISTRICT COURT
                                           Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: STATE FARM LLOYDS BY SERVING ITS REGISTERED AGENT CORPORATION
    SERVICE COMPANY

    211  E 7TH ST STE 620   AUSTIN TX 78701 - 3218

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

This instrument was filed on the 29th day of January, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 31st day of January, 2019, under my hand and
seal of said Court.



Issued at request of:                      MARILYN BURGESS, District Clerk
ENE, ANA MARIA                             Harris County, Texas
440  LOUISIANA STREET, SUITE 1600          201 Caroline, Houston, Texas 77002
HOUSTON, TX  77002                         (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 757-1400
Bar No.: 24076368                          Generated By: JOHN-MILLER, LEWIS  BFC//11148563

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
 PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND
to the following addressee at address:

_____          _____
                                           ADDRESS

_____          Service was executed in accordance with Rule 106
(a)ADDRESSEE                      .           (2) TRCP, upon the Defendant as evidenced by the
                                              return receipt incorporated herein and attached
                                              hereto at
_____
                                           on _____ day of _____, _____
                                           by U.S. Postal delivery to _____

                                           _____

                                           This citation was not executed for the following
                                           reason: _____

                                           MARILYN BURGESS, District Clerk
                                           Harris County, TEXAS

                                           By _____, Deputy

N.INT.CITM.P                          *73587847*

CAUSE NO.  201907023

RECEIPT NO.                                    75.00      CTM
                 **********                    TR # 73587849

PLAINTIFF: LYNN, ROBERT                    In The   165th
            vs.                            Judicial District Court
DEFENDANT: STATE FARM LLOYDS               of Harris County, Texas
                                           165TH DISTRICT COURT
                                           Houston, TX

                         CITATION (CERTIFIED)
THE STATE OF TEXAS
County of Harris


TO: OMERE, BAMIDELE

    2804  CUMBERLAND TRL   BALCH SPRINGS TX 75181

    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND</u>


This instrument was filed on the <u>29th day of January, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 31st day of January, 2019, under my hand and
seal of said Court.



<u>Issued at request of</u>:                    MARILYN BURGESS, District Clerk
ENE, ANA MARIA                              Harris County, Texas
440  LOUISIANA STREET, SUITE 1600           201 Caroline, Houston, Texas 77002
HOUSTON, TX  77002                          (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 757-1400
<u>Bar No.</u>: 24076368                        Generated By: JOHN-MILLER, LEWIS  BFC//11148563

─────────────────────────────────────────────────────────────────────────────
                         CLERK'S RETURN BY MAILING
Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy    of   this   citation   together   with   an   attached   copy   of
 PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND
to the following addressee at address:


_____         ADDRESS

_____         Service was executed in accordance with Rule 106
(a)ADDRESSEE                                (2) TRCP, upon the Defendant as evidenced by the
                                            return receipt incorporated herein and attached
                                            hereto at
_____
                                        on _____ day of _____, _____
                                        by U.S. Postal delivery to _____

                                        This citation was not executed for the following
                                        reason: _____

TO: OMERE, BAMIDELE

   2804  CUMBERLAND TRL   BALCH SPRINGS TX  75181

   Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND</u>

This instrument was filed on the <u>29th day of January, 2019</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 31st day of January, 2019, under my hand and seal of said Court.

Issued at request of:
ENE, ANA MARIA
440 LOUISIANA STREET, SUITE 1600
HOUSTON, TX  77002
Tel: (713) 757-1400
Bar No.: 24076368

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: JOHN-MILLER, LEWIS  BFC//11148563

---

## CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND to the following addressee at address:

_____          _____
                                             ADDRESS

_____          Service was executed in accordance with Rule 106
(a) ADDRESSEE                                (2) TRCP, upon the Defendant as evidenced by the
                                             return receipt incorporated herein and attached
                                             hereto at

_____          _____
                                             on _____ day of _____, _____
                                             by U.S. Postal delivery to _____
                                             _____

                                             This citation was not executed for the following
                                             reason: _____
                                             _____

                                             MARILYN BURGESS, District Clerk
                                             Harris County, TEXAS

                                             By _____, Deputy

N.INT.CITM.P                    **\*73587849\***

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Cull_  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery<br>VALDAINA OUBEIDE 2/7/19 |
| 1. Article Addressed to:<br><br>**BAMIDELE OMERE**<br>**2804 CUMBERLAND TRL BALCH**<br>**SPRINGS TX 75181**<br>2019-07023 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>2019070/2<br>165th court |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 4408 8248 6166 67 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>7018 1130 0002 1904 4753 | |

PS Form **3811**, July 2015 PSN 7530-02-000-9053                 Domestic Return Receipt



USPS TRACKING #

9590 9402 4408 8248 6166 67

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

FILED
MARILYN BURGESS
DISTRICT CLERK
HARRIS COUNTY, TEXAS

2019 FEB 12 AM 10: 24

02-12-19

BY
MAIL PROCESSING ADMIN

Sender: Please print your name, address, and ZIP+4® in this box●

MARILYN BURGESS
HARRIS COUNTY DISTRICT CLERK
P.O. BOX 4651
HOUSTON, TEXAS 77210-4651

3/1/2019 3:33 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 31616423
By: Falon Boehm
Filed: 3/1/2019 3:33 PM

**CAUSE NO. 2019-07023**

| | | |
|---|---|---|
| **ROBERT LYNN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS AND** | § | |
| **BAMIDELE OMERE** | § | **165TH JUDICIAL DISTRICT** |

**DEFENDANTS' ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, STATE FARM LLOYDS (hereinafter, "State Farm") and BAMIDELE OMERE, Defendants in the above-entitled and numbered cause, and file their Original Answer to the allegations contained in Plaintiff's Original Petition, and all subsequent amended or supplemental petitions filed against them, and show as follows:

**I.**
**GENERAL DENIAL**

Defendants generally deny all of the material allegations contained in Plaintiff's Original Petition, and any amendments thereto, and demand strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, Defendants would require Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition, and any amendments thereto, by a preponderance of the evidence.

**II.**

Defendants reserve the right to amend this Original Answer pursuant to the Texas Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED**, Defendants, STATE FARM LLOYDS and BAMIDELE OMERE, respectfully request that upon final trial and hearing hereof, that Plaintiff take nothing and that Defendants recover their costs, fees, and expenses, and for such

other further relief to which Defendants may show themselves to be justly entitled, both in law and at equity.

Respectfully submitted,

**GERMER PLLC**

By:_____
     **DALE M. "RETT" HOLIDY**
     State Bar No. 00792937
     America Tower
     2929 Allen Parkway, Suite 2900
     Houston, Texas 77019
     (713) 650-1313 - Telephone
     (713) 739-7420 - Facsimile
     rholidy@germer.com

**ATTORNEY FOR DEFENDANTS,
STATE FARM LLOYDS AND BAMIDELE
OMERE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 1st day of March, 2019.

Ana M. Ene                              **VIA E-SERVICE**
CLARK, LOVE & HUTSON, G.P.
440 Louisiana Street, Suite 1600
Houston, Texas 77002

_____
**DALE M. "RETT" HOLIDY**

3/8/2019 11:36 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 31792445
By: Bristalyn Daniels
Filed: 3/8/2019 11:36 AM

## CAUSE NO. 2019-07023

| | | |
|---|---|---|
| **ROBERT LYNN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS AND** | § | |
| **BAMIDELE OMERE** | § | **165TH JUDICIAL DISTRICT** |

### DEFENDANTS' FIRST AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, STATE FARM LLOYDS (hereinafter, "State Farm") and BAMIDELE OMERE, Defendants in the above-entitled and numbered cause, and file their First Amended Answer to the allegations contained in Plaintiff's Original Petition, and all subsequent amended or supplemental petitions filed against them, and show as follows:

## I.
## GENERAL DENIAL

1.      Defendants generally deny all of the material allegations contained in Plaintiff's Original Petition, and any amendments thereto, and demand strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, Defendants would require Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition, and any amendments thereto, by a preponderance of the evidence.

## II.
## DEFENSES

2.      **Policy Coverage Provisions.**  Under the Insuring Agreement, Plaintiff bears the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiff lacks proof that any additional damages resulted from any accidental direct physical loss during the policy period.

3. **Payment.** Defendants are entitled to an offset or credit against Plaintiff's damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiff under the Policy in connection with the damages and the insurance claim that give rise to Plaintiff's claims in this lawsuit.

4. **Deductible/Offset.** Defendants are entitled to on offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's deductible.

5. **Limit of Liability.** Defendants' liability, if any, is limited to the amount of the Policy limits under the subject Policy, pursuant to the "Limit of Liability" and other clauses contained in the Policy sued upon.

6. **Failure of Policy Considerations/Conditions Precedent.** Defendants hereby asserts all conditions of the Policy at issue including but not limited to all terms, deductibles, limitations, exclusions, and all "duties after loss." Specifically, Plaintiff has failed to satisfy the conditions of the Policy requiring Plaintiff to preserve evidence of the damage, to provide evidence when reasonably requested, and to mitigate further damage. The Policy states:

### SECTION I – CONDITIONS

2.  **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:
a.  give immediate notice to us or our agent…
b.  protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

*   *   *   *   *

d.  as often as we reasonably require:
(1)  exhibit the damaged property;
(2)  provide us with records and documents we request and permit us to make copies
(3)  submit to and subscribe, while not in the presence of any other insured:
(a) statements; and
(b) examinations under oath….

**7.** **Pre-Existing Damages.** Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, pre-existed the alleged occurrence of wind or wind-driven rain.

**8.** **Normal Wear and Tear.** Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, were proximately caused, in whole or in part, by normal wear and tear. The Policy states:

### SECTION I – LOSSES NOT INSURED

1. We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

   *   *   *   *   *

   g. wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

   *   *   *   *   *

   i. mold, fungus, or wet or dry rot;

   *   *   *   *   *

   l. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings….

3. We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a)directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

   b. defect, weakness, inadequacy, fault or unsoundness in:
   (2) design, specifications, workmanship, construction, grading, compaction;
   (3) materials used in construction or repair; or
   (4) maintenance;

   c. weather conditions.

9.      **Flood, Surface Water or Neglect.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, were proximately caused, in whole or in part, by flood, surface water or neglect. The policy states:

### SECTION I – LOSSES NOT INSURED

2.  We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other cause of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural forces, or occurs…

* * * * *

c.  **Water Damage**, meaning:
    (1)  Flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not;
    (2)  water or sewage from outside the residence premises plumbing system that enters through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area…
    (3)  water the below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure; or
    (4)  material carried or otherwise moved by any of the water, as described in paragraphs (1) through (3) above.

* * * * *

d.  **Neglect**, meaning neglect of the insured to use all reasonable means to save and preserve the property at and after the time of a loss, or when property is endangered.

10.     **Personal Property.** Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, were not proximately caused, in whole or in part, by a wind or hail created opening in the roof or a wall.  The policy states:

**COVERAGE B - PERSONAL PROPERTY**

We insure for accidental direct physical loss to property described in Coverage B caused by the following perils, except as provided in **SECTION I - LOSSES NOT INSURED**:

4. **Windstorm or hail**. This peril does not include loss to property contained in a building caused by rain, snow, sleet, sand or dust. This limitation does not apply when the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening.

   This peril includes loss to watercraft of all types and their trailers, furnishings, equipment, and outboard motors, only while inside a fully enclosed building.

**SECTION I - LOSSES NOT INSURED**

2. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces…

    11.    **Bona Fide/Legitimate Dispute.**  A bona fide and legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

    12.    **No Waiver.**  Plaintiff's claims are barred, in whole or in part, because State Farm did not waive any of its rights under the Policy. The Policy states: "A waiver or change of any provision of this policy must be in writing by [State Farm] to be valid. State Farm made no such waiver in this case.

    13.    **Cap on Punitive Damages.**  Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth

therein, other applicable statutory authority, and common law. Further, unless Plaintiff proves Defendants' liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

14.     **Written Notice of Claim.**  Defendants specifically deny that Plaintiff provided Defendants with "notice of claim" pursuant to §§ 542.051(4) and 542.055(a) of the Texas Insurance Code. The statute specifically states "'[n]otice of a claim' means any written notification provided by a claimant to an insurer that reasonably apprises the insurer of the facts relating to the claim." TEX. INS. CODE § 542.051(4). Because written notification was not provided by Plaintiff, he is barred from recovering under Chapter 542 of the Texas Insurance Code. Defendants also specifically deny that the Policy obligated Defendants to inform Plaintiff that written notice of the claim was required, and Defendants specifically deny that they were under any duty to provide notice regarding the applicability of Chapters 541 or 542 of the Texas Insurance Code.

15.     **Chapter 542A.**  Defendants assert the limitations on the recovery of attorneys' fees, if any, as per TEX. INS. CODE § 542A.007. Further, Plaintiff failed to provide pre-suit notice stating the specific amount alleged to be owed as required by TEX. INS. CODE § 542A.003(b)(2).

### III.
### RIGHT TO AMEND

16.     Defendants reserve the right to amend this Answer pursuant to the Texas Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED**, Defendants respectfully request that upon final trial and hearing hereof, that Plaintiff take nothing and that Defendants recover their costs,

fees, and expenses, and for such other further relief to which Defendants may show themselves to be justly entitled, both in law and at equity.

Respectfully submitted,

**GERMER PLLC**

By: _____

**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
rholidy@germer.com

**ATTORNEY FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 8th day of March, 2019.

Ana M. Ene                              <u>VIA E-SERVICE</u>
CLARK, LOVE & HUTSON, G.P.
440 Louisiana Street, Suite 1600
Houston, Texas 77002

**DALE M. "RETT" HOLIDY**

**Harris County Docket Sheet**

# 2019-07023

**COURT:**   165th

**FILED DATE:**   1/29/2019

**CASE TYPE:**   Debt/Contract - Consumer/DTPA



### LYNN, ROBERT

**Attorney: ENE, ANA MARIA**

### vs.

### STATE FARM LLOYDS

**Attorney: HOLIDY, DALE MARETT**

| Trial Settings | |
|---|---|
| **Date** | **Comment** |
| 5/11/2020 | Docket Set For: Trial Setting |

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |

Unofficial Copy Office of Marilyn Burgess District Clerk